IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELODY BALLEW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:14-cv-3383 |
| | § | |
| PROCOLLECT, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S COMPLAINT**

MELODY BALLEW ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD., alleges the following against PROCOLLECT, INC. ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. Count II of Plaintiff's Complaint is based on Texas Statute, Finance Code ("Texas Finance Code"), § 392.302 *et seq*.

3. Count III of Plaintiff's Complaint alleges that Defendant negligently, knowingly and/or willfully violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*..

**JURISDICTION and VENUE**

4. Subject matter jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

5. Defendant conducts business in the State of Texas thereby establishing personal jurisdiction.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as Plaintiff resides in this district, Defendant transacts business in this district, and the acts giving rise to this action occurred in this district.

## PARTIES

7. Plaintiff is a natural person who at times relevant resided in Waxahachie, Ellis County, Texas.

8. Defendant is a business entity with an office located at 12170 Abrams Rd., Ste. 100, Dallas, Texas 75243.

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Texas Finance Code § 392.001(6).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Prior to the filing of this action an account was placed with Defendant by a non-party to collect monies which were alleged to be owed by a female individual ("Jane Doe") and past due ("debt").

12. Upon information and belief based on the types of debts Defendant collects, the alleged debt arises from transactions which were for personal purposes.

13. In connection with its attempts to collect the alleged debt, Defendant placed telephone calls ("collection calls") to (214) 584-43xx, Plaintiff's cellular telephone.

14. Plaintiff is not one of Defendant's customers nor does Plaintiff have an existing or preexisting business relationship with Defendant.

15. Plaintiff never gave Defendant permission to call her cell phone, nor did Plaintiff

give permission to the entity which Defendant acquired the debt from.

16. Defendant has been assigned multiple telephone numbers from it telephone service provider(s) including 214-341-7788, which was used to call Plaintiff.

17. Upon information and belief based on, inter alia, the frequency, number, and nature of the calls, all of Defendant's telephone calls to Plaintiffs were placed using an automatic telephone dialing system or other equipment capable of storing and/or producing telephone numbers ("auto dialer").

18. After Defendant started calling Plaintiff's cell phone, she repeatedly informed Defendant that it is calling a wrong number for Jane Doe and instructed Defendant to stop calling her.

19. Despite Plaintiff's requests, Defendant continued to use an auto dialer to place collection calls to Plaintiff's cell phone.

20. Between May 15 and June 17, 2014, Defendant's placed eleven (11) collection calls to Plaintiff's cell phone, including six collection calls on June 13, 2013.

21. Plaintiff is annoyed and feels harassed by Defendant's repeated collection calls to her cell phone after she told Defendant it was calling a wrong number for Jane Doe.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

22. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

WHEREFORE, Plaintiff, MELODY BALLEW, respectfully requests judgment to be

entered against Defendant, PROCOLLECT, INC., for the following:

23. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k,

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k

25. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED
## THE TEXAS FINANCE CODE

26. Defendant violated Texas Finance Code based on, but not limited to, the following:

   a. Defendant violated § 392.302(4) of the Finance code causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass Plaintiff;

WHEREFORE, Plaintiff, MELODY BALLEW, respectfully requests judgment to be entered against Defendant, PROCOLLECT, INC., for the following:

27. Injunctive relief pursuant to Texas Finance Code § 392.403(a)(1), to prevent Defendant from further violating the Texas Finance Code;

28. Costs and reasonable attorneys' fees pursuant to Texas Finance Code § 392.403(b); and

29. Any other relief that this Court deems appropriate.

## COUNT III:
## DEFENDANT VIOLATED
## THE TELEPHONE CONSUMER PROTECTION ACT

30. Defendant's actions alleged *supra* constitute numerous negligent violations of the

TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

31. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, MELODY BALLEW, respectfully requests judgment to be entered against Defendant, PROCOLLECT, INC., for the following:

32. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

33. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

34. All court costs, witness fees and other fees incurred; and

35. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: September 18, 2014

By: Ryan Lee
Ryan Lee
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-861-1390
rlee@consumerlawcenter.com
*Attorneys for Plaintiff*